UNITED STATES DISTRICT COURT 
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re Application of JOHN MALKOVICH for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | ) ) ) ) ) ) ) ) | Case No.  |

## PETITION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERYFOR USE IN A FOREIGN PROCEEDING

1.     Based upon the accompanying Declarations of John Malkovich, L. Reid Skibell, and Hervé Temime, and the accompanying Memorandum of Law, John Malkovich ("Malkovich" or "Applicant") hereby petitions and applies to this Court for an Order, pursuant to 28 U.S.C. § 1782 and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, granting Applicant leave to seek discovery on CBS News, Inc. ("CBS")for use in a foreign proceeding.

2.     28 U.S.C. § 1782 provides for discovery in the United States to assist foreign tribunals and parties to proceedings before foreign tribunals.  28 U.S.C. § 1782 states, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

3.     The requirements of 28 U.S.C. § 1782 are satisfied in this case.  As explained further in the accompanying Memorandum of Law: (1) the discovery subjects "reside" or are "found" in this District; (2) the discovery sought is "for use in" a proceeding before a foreign tribunal; and (3) the Applicant is an "interested person" in that proceeding.  28 U.S.C. § 1782.

The discretionary factors that a Court may consider when evaluating a Section 1782 request also weigh in favor of granting this application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

4.     As further discussed in the accompanying Declaration of Hervé Temime, the requested relief is for the purpose of obtaining discovery in aid of two related foreign criminal actions pending in the *Tribunal Correctionnel de Paris* (the Criminal Court of Paris) in Paris, France (collectively, the "Paris Action").

5.     The Paris Action was commenced by Malkovich, the well-known actor, against the corporate parent of the French daily *Le Monde*, its editor, and two journalists (the "Le Monde Defendants").  In that action, Malkovich asserts claims for defamation stemming from three *Le Monde* articles falsely implicating him as a participant in an alleged international tax evasion scheme dubbed "SwissLeaks" relating to accounts held with HSBC Private Bank ("HSBC"), a Swiss subsidiary of the British banking conglomerate.  The CBS newsmagazine *60 Minutes* worked and communicated with the Le Monde Defendants on the SwissLeaks story, taking on the task of verifying information related to U.S. persons, including Malkovich, who supposedly had accounts with HSBC.

6.     As explained in the accompanying Declaration of John Malkovich, Applicant never had an account with HSBC and did not engage in tax evasion.  When contacted by CBS journalist Ira Rosen regarding his alleged role in SwissLeaks, Malkovich denied both allegations. Nevertheless, the Le Monde Defendants proceeded to impugn Malkovich's reputation by falsely labeling him a tax cheat.  The defamatory statements were picked up by other media outlets, thereby exacerbating the damage to his reputation.

7.      By this application, Malkovich seeks narrowly tailored discovery going to CBS's communications with the Le Monde Defendants regarding Malkovich's purported role in SwissLeaks.  In the Paris Action, the Le Monde Defendants will have an opportunity to defend their misconduct by contending that they acted in good faith in publishing false statements about Malkovich.  The discovery requested in this 28 U.S.C. § 1782 application is necessary for challenging such a contention, because it will confirm whether or not the information Malkovich provided to CBS was, in turn, conveyed to the Le Monde Defendants.

8.      Accordingly, for the foregoing reasons, and for the reasons set forth in the accompanying Declarations of John Malkovich, Hervé Temime, L. Reid Skibell, and the Memorandum of Law in support of this application, Applicant respectfully requests that this Court enter an order, pursuant to 28 U.S.C. § 1782, in a form similar to the proposed order attached as Exhibit 2 to the Declaration of L. Reid Skibell, granting him leave to conduct the requested discovery in a form similar to the proposed subpoena attached as Exhibit 3 to the Declaration of L. Reid Skibell.

WHEREFORE, the Applicant respectfully requests that this Court grant this application.

Dated: May 21, 2015
       New York, NY

HARRIS, O'BRIEN, ST. LAURENT &
CHAUDHRY LLP

*L. Reid Skibell /as*

L. Reid Skibell
Alexander Sakin
111 Broadway, Suite 1502
New York, NY 10006
(212) 397-3370

*Attorneys for John Malkovich*