UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of JOHN MALKOVICH )
for an Order Pursuant to 28 U.S.C. § 1782 )
to Conduct Discovery for Use in )
a Foreign Proceeding )

### DECLARATION OF HERVÉ TEMIME IN SUPPORT OF A MOTION TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. § 1746, I, HERVÉ TEMIME, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I submit this declaration in support of a motion for an order to obtain discovery for use in a foreign tribunal pursuant to 28 U.S.C. § 1782.

2. I am an attorney in France and currently represent Applicant John Malkovich before the *Tribunal Correctionnel de Paris*, the Criminal Court of Paris, France, in two related actions (collectively, the "Paris Action") commenced against its editor Louis Dreyfus, two *Le Monde* journalists, Gérard Davet and Fabrice Lhomme, and Societe Editrice du "Monde," the corporate parent of *Le Monde* (collectively, the "Le Monde Defendants"). Societe Editrice du "Monde" is a civil defendant but it cannot be found guilty of committing an offense under French law. Accordingly, it is a civil defendant exclusively, while the other defendants are both criminal and civil defendants. In France, civil and criminal claims are examined together by the same court.

3. I have practiced as an attorney in France since 1979 and am the founder and principal of the Temime & Associés law firm. I specialize in litigating on behalf of individuals

and companies in general and business-related criminal matters. I am the founder and Honorary President of the French Association of Criminal Lawyers. In 2012, my firm was awarded a Gold Trophy, the top honor, in the area of Business Criminal Law at the Law Trophies ceremony, the premier legal awards ceremony in France.

4. The Paris Action stems from an article that appeared on February 8, 2015 on *Le Monde*'s website *Le Monde.fr* in substantially identical English and French versions, which contains the principal defamatory statement at issue in the Paris Action. The English version of the Article is entitled "SwissLeaks: the Backstory of a Worldwide Investigation" and falsely indicates that in 2005-2007 my client held an account at HSBC Private Bank ("HSBC") for the purpose of evading taxes, as a participant in SwissLeaks, an alleged international tax evasion scheme relating to accounts held with HSBC. The SwissLeaks story was based on banking data that was leaked by Hervé Falciani, a former HSBC employee.

5. Two other articles at issue in the Paris Action were published on February 10, 2015 in French in the *Le Monde* print version, one of which contained the same defamatory statement as found in the original article.

6. On April 29, 2015, on behalf of Mr. Malkovich, I commenced two related proceedings in the *Tribunal Correctionnel de Paris*. My client, Mr. Malkovich alleges that, by publishing these articles, the Le Monde Defendants defamed him in bad faith and he seeks, among other relief, damages stemming from the harm to his reputation. French-language versions of the two complaints commencing these proceedings, followed by certified English translations, are attached as Exhibits 1 and 2.

7. The *Tribunal Correctionnel de Paris* is a trial-level court that is part of the judiciary of France and capable of rendering a decision on the merits leading to a resolution of the dispute, pending an appeal.

8. The Le Monde Defendants have taken the position that the statements in the Article about Malkovich are not false, and as proof they have submitted a piece of the HSBC data and certain deposition testimony about the data. The data they provided to the *Tribunal Correctionnel de Paris*, however, shows that the account in question, which was held in Malkovich's name at the Republic National Bank of New York (Suisse) S.A., was closed prior to HSBC's acquisition of that bank.

9. The second stage of the proceedings in the Paris Action will take place at a later juncture. At that point, the Le Monde Defendants can present evidence to demonstrate they acted in good faith. Under French law, bad faith is presumed in a defamation action, but that presumption can be overcome with a showing of, among other things, the extent of defendant's investigation into the plausibility of the relevant statements.

10. I understand that my client communicated with Ira Rosen of CBS News, Inc. ("CBS") in connection with *Le Monde*'s investigation of the SwissLeaks story, and that CBS may have been communicating with the Le Monde Defendants regarding Malkovich's role (or lack thereof) in SwissLeaks.

11. CBS' communications with the Le Monde Defendants are significant for the Paris Action, as they directly relate to Malkovich's claim that the Le Monde Defendants defamed him in bad faith. Information that the Le Monde Defendants likely published the Article with knowledge of Malkovich's denial of any connection to HSBC, would be relevant to proving the Le Monde Defendants' bad faith.

12. Under French law, the *Tribunal Correctionnel de Paris* before which the Paris Action is pending, would have no authority to order the testimony of CBS or Rosen, if they would not willingly agree to testify. Further, under French law, a claimant in a criminal defamation action cannot testify under oath in support of his claims. The same is true for defendants in such an action.

13. There is no reason to believe that the *Tribunal Correctionnel de Paris* will express any hostility to the use of CBS's testimony. Any information gained in a deposition that was conducted under oath would also be admissible in the Paris Action.

Dated: May 19, 2015
Paris, France

_____
Hervé Temime