# Exhibit 1

---

**CITATION DIRECTE**

**DEVANT LE TRIBUNAL CORRECTIONNEL DE PARIS**

(Loi du 29 juillet 1881)

---

L'AN DEUX MILLE QUINZE ET LE

**A LA REQUETE DE** :   **Monsieur John Malkovich**, comédien, né le 9 décembre 1953 à Christopher, Illinois, Etats-Unis, de nationalité américaine, demeurant ███████████████████ ███████ – ETATS UNIS

Ayant pour avocat :

Maître Hervé TEMIME
Avocat au Barreau de Paris
156 rue de Rivoli 75001 Paris
Tél. 01 49 27 00 55 / Fax 01 42 60 62 44
Palais C1537

*Elisant domicile en son cabinet*

**J'AI, HUISSIER SOUSSIGNE** :

**DONNÉ CITATION À** :

**Monsieur Louis DREYFUS**, né le 19 décembre 1970 à Boulogne-Billancourt (92), de nationalité française, demeurant 108 rue Jean-Pierre Timbaud 75011 Paris, Directeur de la publication du quotidien « *Le Monde* », domicilié en cette qualité au siège de la société éditrice SOCIETE EDITRICE DU « MONDE », sise 80 boulevard Auguste Blanqui 75707 Paris CEDEX 13

**Monsieur Gérard DAVET**, journaliste, né le 25 août 1966 à Courbevoie (92), de nationalité française, demeurant 2 Cité du Couvent 75011 PARIS

**Monsieur Fabrice LHOMME**, journaliste, né le 17 novembre 1965 à Paris 6ème (75), demeurant 38 rue Cabanis 75014 Paris

*En qualité de prévenus*

1

**La société SOCIETE EDITRICE DU « MONDE »,** société anonyme au capital de 94.610.348,70 euros, RCS Paris 433 891 850, en sa qualité d'éditrice du journal quotidien *Le Monde*, ayant son siège social 80 boulevard Auguste Blanqui 75707 Paris CEDEX 13 et prise en la personne de son représentant légal, domicilié audit siège

*En sa qualité de civilement responsable*

A comparaître en personne à l'audience correctionnelle de la 17<sup>ème</sup> Chambre (presse) du **Tribunal de Grande Instance de Paris,** siégeant en ladite ville, au Palais de Justice, sis 4 Boulevard du Palais 75001 PARIS, (entrée 10, Boulevard du Palais) – (métro Cité - ligne 4) – (Bus lignes : 21, 38, 47, 85, 96).

**Le         à         heures**

En présence de Monsieur le Procureur de la République à qui copie de la présente citation est notifiée dans les conditions prévues par l'article 53 de la loi du 29 Juillet 1881.

**<u>NOTA : COMPTE TENU DES DÉLAIS D'ATTENTE POUR PÉNÉTRER DANS LE PALAIS DE JUSTICE, NOUS VOUS RECOMMANDONS DE VOUS PRÉSENTER AU MOINS TRENTE MINUTES AVANT L'HEURE DE DÉBUT D'AUDIENCE.</u>**

2

## TRES IMPORTANT

### PREVENU(E)

Vous devez vous présenter personnellement à cette audience, seul(e) ou assisté(e) d'un Avocat.

#### 1/ Assistance d'un avocat
Si vous désirez être assisté(e) par un Avocat, vous pouvez, dès réception de la citation :
- soit contacter l'Avocat de votre choix ;
- soit demander au Bâtonnier de l'Ordre des Avocats la désignation d'un Avocat commis d'office. Cette demande doit être présentée au Bureau de l'Ordre des Avocats du Tribunal devant lequel vous avez reçu convocation.
- Pour les prévenus(es) mineur(es), un Avocat est systématiquement commis d'office par le Bâtonnier.

#### 2/ Impossibilité de comparaître
Si vous estimez être dans l'impossibilité de vous présenter à l'audience, vous devez adresser au Président de la Chambre du Tribunal une lettre pour expliquer les motifs de votre absence, en joignant toutes les pièces justificatives (certificats médicaux...). Votre lettre sera versée au dossier.
Si lors de l'audience, vos motifs sont jugés valables par la juridiction, l'affaire sera renvoyée et une nouvelle convocation vous sera adressée pour une audience ultérieure.
Si vos motifs ne sont pas jugés valables, vous serez jugé(e) en votre absence.

#### 3/ Représentation par un Avocat
Vous avez aussi la possibilité à demander à être jugé(e) en votre absence, en étant représenté(e) par votre Avocat. Dans ce cas, vous devez faire parvenir au Président de la Chambre du Tribunal une lettre indiquant expressément que vous acceptez d'être jugé(e) en votre absence et que vous chargez votre Avocat, dont le nom doit être mentionné, de vous représenter. Elle sera versée à votre dossier.
Si le Tribunal estime que votre comparution personnelle est néanmoins nécessaire, il renverra l'affaire et vous recevrez une nouvelle convocation.

#### 4/ Sanction en cas de non comparution
Lorsque vous encourez une peine d'emprisonnement égale ou supérieure à deux ans, si vous ne comparaissez pas et si vous n'avez pas demandé expressément à votre Avocat de vous représenter (point 3 ci-dessus), le Tribunal a le pouvoir de délivrer à votre encontre un mandat d'amener ou un mandat d'arrêt.

#### 5/ Recommandations importantes
Dans toutes correspondances avec le Tribunal, vous devez rappeler la date et l'heure de l'audience ainsi que le numéro de la chambre indiqué ci-dessus en précisant « Tribunal correctionnel ». A défaut votre courrier risque de s'égarer.
Dans l'intérêt de votre défense, il est conseillé de fournir au Tribunal, éventuellement par l'intermédiaire de votre Avocat, des justificatifs de vos ressources (tels que bulletins de salaire, avis d'imposition ou de non imposition...).

### CIVILEMENT RESPONSABLE :

Si le Tribunal vous déclare civilement responsable de la personne poursuivie, vous serez personnellement tenu au paiement de dommages et intérêts qui pourront être accordés à la victime et des frais de la procédure.

## OBJET DE LA DEMANDE

Dans son numéro 21793 daté du mardi 10 février 2015 (paru le 9 février après-midi), le quotidien *Le Monde* publiait un dossier présenté comme exclusif, intitulé « *Comptes secrets en Suisse Le Gotha des évadés fiscaux français* » et ainsi annoncé en couverture:

> « *Ils sont plus de 100.000 – vedettes du showbiz, capitaines d'industrie, chefs d'Etat, trafiquants en tout genre – à avoir bénéficié du système d'évasion fiscale de HSBC. « Le Monde » révèle comment plus de 180 milliards d'euros ont transité par Genève via la filiale suisse de la banque britannique entre 2006 et 2007. 3000 Français sont concernés, de l'humoriste Gad Elmaleh, qui aurait régularisé sa situation, à l'héritière Nina Ricci, dont le procès s'ouvre à Paris le 16 février. Onze pages spéciales sur cette enquête internationale menée conjointement par 154 journalistes dans 47 pays. Lire notre dossier pages 2 à 13* »

Le scandale, baptisé d'ores et déjà par l'éditorial du quotidien « Swissleaks », fondée sur les données de la banque HSBC subtilisées par l'informaticien Hervé Falciani, « *donne à voir un système de fraude organisé avec la complicité intéressée d'une banque, cette fois au bénéfice de particuliers. Ces révélations sont le fruit d'une entreprise journalistique d'une envergure exceptionnelle dont Le Monde a été à l'initiative depuis ces cinq derniers mois : 154 journalistes de 60 grands medias issus de 47 pays ont travaillé ensemble pour expertiser et analyser cette fameuse liste, faire le tri entre les clients dont la démarche était légale et les autres. (...) Nos journalistes les ont passés au tamis, ne retenant qu'une cinquantaine de personnalités dont les responsabilités ou la notoriété auraient dû les engager à l'exemplarité ou de personnes ayant commis des infractions suffisamment graves pour qu'elles fassent l'objet d'une plainte de l'administration fiscale et d'une procédure judiciaire* » (extrait de l'édito de Gille Van Kote).

C'est dire si l'enquête est présentée comme parfaitement crédible, et la décision de publication de chaque nom de personnalités en cause mûrement pesée.

Parmi ces personnalités le plaignant, Monsieur John Malkovich.

Son nom apparaît en première page du dossier, dès la première colonne.

En page 2 du quotidien, l'article des journalistes Gérard Davet et Fabrice Lhomme, qui ouvre le dossier, a pour titre « *HSBC Les rois de l'évasion* » et pour sous-titre « *La liste est longue de plus de 100.000 noms, de capitaines d'industrie, de responsables politiques, de vedettes du showbiz, du sport, de trafiquants d'armes, de drogue, de financiers d'organisations terroristes. Tous ont bénéficié d'un vaste système d'évasion fiscale orchestré par la filiale suisse de l'établissement bancaire britannique* ».

4

Son deuxième paragraphe est ainsi rédigé :

> « *Le Monde, qui enquête sur l'affaire HSBC depuis son origine, est entré début 2014 en possession de données bancaires mondiales, portant sur la période 2005-2007 et établissant une gigantesque fraude à l'échelle internationale. Nous avons partagé ces données avec une soixantaine de medias internationaux, coordonnés par l'ICIJ, consortium de journalistes d'investigation. Leur révélation est susceptible d'embarrasser de nombreuses personnalités, de l'humoriste français Gad Elmaleh au roi du Maroc Mohamed VI en passant par l'acteur américain John Malkovich, mais surtout d'ébranler les milieux bancaires internationaux* ».

Le nom de John Malkovich apparaît plus loin en page 4 du quotidien, dans un article du dossier intitulé « *Artistes, sportifs, médecins, avocats, chefs d'entreprise… Le compte en Suisse se révèle être une stratégie financière partagée par les professions les plus rémunératrices…* » et plus précisément dans un encart lui-même intitulé « LE GOTHA DES EVADES » divisé en trois paragraphes « LES CELEBRITÉS », « LES ALTESSES », « LES POLITIQUES ».

Dans le premier paragraphe « LES CELEBRITES » on peut lire en première ligne « *L'acteur américain John Malkovich a déclaré n'avoir pas connaissance du compte à Genève qui porte son nom* ».

Les articles susvisés contiennent des propos diffamatoires car contraires à l'honneur et à la considération de Monsieur Malkovich au sens de la loi sur la presse.

## 1 - LES PROPOS DIFFAMATOIRES

John Malkovich poursuit comme diffamatoires à son encontre, en qualité de simple particulier, au sens des articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881, les passages ci-dessous reproduits en caractères gras.

En page 2 du quotidien *Le Monde* daté du 10 février 2015, sous le titre *« HSBC. Les Rois de l'évasion »*, les propos suivants (caractères gras ajoutés) :

> « *Leur révélation est susceptible d'embarrasser de nombreuses personnalités, de l'humoriste français Gad Elmaleh au roi du Maroc Mohamed VI en passant par l'acteur américain John Malkovich* » (1er passage diffamatoire).

En page 4 du quotidien *Le Monde* daté du 10 février 2015, dans l'encart intitulé *« LE GOTHA DES ÉVADÉS »*, les propos suivants (caractère gras ajouté) :

> « *LE GOTHA DES EVADES*
> *LES CELEBRITES. L'acteur américain John Malkovich a déclaré n'avoir pas connaissance du compte à Genève qui porte son nom* » (2ème propos diffamatoire).

Aux travers des propos ci-dessus reproduits en caractères gras, replacés dans l'entier contexte du dossier « *HSBC & LES SWISSLEAKS* » dans lequel ils s'insèrent, les auteurs affirment que la partie civile a sciemment cherché à échapper au paiement de l'impôt en dissimulant certains de ses avoirs aux autorités fiscales compétentes sur un compte non déclaré, ouvert dans les livres de la banque genevoise HSBC Private Bank.

Ce faisant, ils imputent à John Malkovich un comportement incivique voire malhonnête susceptible non seulement de l'exposer au mépris du public, mais également d'engager sa responsabilité tant civile que pénale.

Une telle imputation, par ailleurs totalement erronée, porte incontestablement atteinte à l'honneur et à la considération de John Malkovich.

Partant, les propos ci-dessus reproduits en caractère gars sont constitutifs du délit de diffamation publique envers particulier, en l'espèce John Malkovich, faits prévus et réprimés par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881.


## 2 - SUR LA MAUVAISE FOI DES PREVENUS

Il est constant qu'en matière de diffamation, la mauvaise foi est présumée. La bonne foi ne peut être retenue que si les passages poursuivis remplissent, cumulativement, les quatre critères suivants : (i) légitimité du but poursuivi, (ii) caractère sérieux de l'enquête, (iii) prudence de l'expression, et (iv) absence d'animosité personnelle.

**(i)** Au cas d'espèce, s'il n'est pas contestable que le sujet du scandale « Swissleaks » peut présenter un intérêt pour le public, la révélation du nom d'un acteur, qui n'occupe aucune *« responsabilité qui auraient dû l'engager à l'exemplarité »*, pour paraphraser l'éditorial du numéro en cause, échappe à ce critère.

**(ii)** S'agissant tout d'abord de l'enquête devant nécessairement précéder une telle révélation dans un quotidien grand public, elle apparaît tout à fait insuffisante.

En effet, alors même que l'article en page 4, au sein duquel se trouve l'encart *« LE GOTHA DES EVADES »*, prend le soin de préciser que *Le Monde* a joint toutes les personnalités citées dans le cadre de ses enquêtes, ou a tenté de le faire, afin de leur permettre de s'expliquer,, Monsieur Malkovich n'a jamais été interrogé par le quotidien.

Si l'encart précise, et c'est une partie des propos poursuivis, que *« l'acteur américain John Malkovich a déclaré n'avoir pas connaissance du compte à Genève qui porte son nom »*, cette déclaration n'a en aucun cas été faite au journal. La circonstance que les prévenus aient eu manifestement connaissance que Monsieur Malkovich avait pu démentir l'existence de ce compte suffit à démontrer leur mauvaise foi.

6

Comment en effet s'autoriser dans ces conditions, sans avoir procédé à des investigations complémentaires, ne serait-ce qu'en interrogeant plus précisément John Malkovich, à écrire et publier que ce dernier serait *« susceptible d'être embarrassé »* par la révélation des données HSBC, au même titre que d'autres personnes ayant reconnu la détention de comptes non déclarés, et à inscrire son nom parmi le *« gotha des évadés »* ?

La situation est d'autant plus grave que la citation d'un nom dans le dossier *« HSBC & LES SWISSLEAKS »* du numéro en cause est présentée comme d'autant plus crédible, fiable, voire incontestable, que le journal se targue dans l'éditorial, on l'a vu, que 154 journalistes de 60 grands medias issus de 47 pays ont travaillé ensemble pour expertiser et analyser la liste Falciani, notamment dans le but de « faire le tri » entre les clients ayant légalement détenu un compte et les autres ; les personnalités dont le nom pouvait être révélé en raison de l'exemplarité dont elles devraient faire preuve et les autres. Les personnalités auraient été ainsi « passées au tamis » pour que ne soient retenues que les seules dont le journal considérait que leur nom devait être publié.

En outre, en page 3, un article intitulé *« Les coulisses d'une investigation mondiale »* met en scène l'importance des moyens mis en œuvre pour révéler le scandale « Swissleaks ».

Face à ces assertions péremptoires, la mention que John Malkovich aurait déclaré n'avoir pas connaissance d'un compte à Genève qui porte son nom apparaît bien dérisoire, surtout placée en tête d'un encart intitulé *« LE GOTHA DES EVADES FISCAUX »*.

En tout état de cause, une quelconque évasion fiscale de John Malkovich étant inexistante, il ne fait aucun doute que les prévenus ne disposaient en aucun cas d'éléments propres à tenir les propos poursuivis ou à les publier.

**(iii)** Le mode d'expression (« *est susceptible d'embarrasser* » et la mention de la dénégation de John Malkovich), s'il feint la prudence, est tout à fait contraire aux exigences de la jurisprudence qui ne considère en aucun cas que de simples tournures de style (conditionnel, négatif,…) suffisent à retirer aux propos leur caractère diffamatoire.

**(iv)** Enfin, si l'animosité personnelle semble exclue, John Malkovich s'interroge sur une éventuelle intention de lui nuire qui aurait présidé au choix de publier son nom dans un dossier consacré à la révélation d'un tel scandale.

7

**3 – SUR LA RESPONSABILITE PENALE DE MONSIEUR DREYFUS EN SA QUALITE DE DIRECTEUR DE PUBLICATION DU JOURNAL QUOTIDIEN « *LE MONDE* »**

Aux termes de l'article 42 de la loi du 29 juillet 1881, « *seront passibles comme auteurs principaux, des peines qui constituent la répression des crimes et délits commis par la voie commis par voie de la presse dans l'ordre ci-après, savoir : 1° les directeurs de publications et éditeurs qu'elles que soient leurs profession ou leurs dénominations (...)* ».

Etant entendu que Monsieur Louis Dreyfus est le directeur de publication du quotidien « *Le Monde* », il est dès lors, en cette qualité, l'auteur principal du délit de diffamation publique commis à l'encontre de John Malkovich, en sa qualité de simple particulier, et ce à raison de la publication des deux passages diffamatoires aujourd'hui poursuivis.

**4 – SUR LA RESPONSABILITE PENALE DE MESSIEURS DAVET ET LHOMME EN QUALITE D'AUTEURS DU 1ER PASSAGE DIFFAMATOIRE POURSUIVI : *« Leur révélation est susceptible d'embarrasser de nombreuses personnalités, de l'humoriste français Gad Elmaleh au roi du Maroc Mohamed VI en passant par l'acteur américain John Malkovich »***

Aux termes de l'article 43 de la loi du 29 juillet 1881, « *Lorsque les directeurs ou codirecteurs de la publication ou les éditeurs seront en cause, les auteurs seront poursuivis comme complices* ».

Etant entendu que Gérard Davet et Fabrice Lhomme sont les auteurs du premier passage diffamatoire poursuivi ,ils sont dès lors, en cette qualité, complices de l'auteur principal du délit de diffamation publique commis à l'encontre de John Malkovich, en sa qualité de simple particulier à raison de la publication du 1er passage poursuivi.

**5 - LES DEMANDES DE MONSIEUR MALKOVICH**

Monsieur MALKOVICH est recevable et bien fondé à se constituer partie civile.

Compte tenu de la gravité des propos publiés, de l'importance majeure du journal quotidien « *Le Monde* » et de la taille de son lectorat, de l'écho des révélations contenues dans le dossier « *HSBC & LES SWISSLEAKS* », le préjudice subi par John MALKOVICH est considérable.

L'atteinte à la réputation du demandeur est d'autant plus significative qu'elle est portée dans un cadre présumé particulièrement sérieux, et présenté comme tel par le journal dans le numéro en cause.

De surcroît, cette atteinte est portée dans une période de crise aiguë et de rigueur budgétaire généralisée, où l'évasion fiscale est plus que jamais considérée comme déshonorante.

Il est donc urgent de rétablir Monsieur MALKOVICH dans son honneur et de donner à la décision à intervenir la plus large publicité.

Au regard des éléments qui précèdent, il conviendra de condamner solidairement Monsieur DREYFUS, en sa qualité de directeur de la publication du journal quotidien « Le Monde », et Messieurs DAVET et LHOMME, en leur qualité d'auteurs des propos litigieux visés en ce qui les concerne, au paiement de la somme de 150.000 euros à titre de dommages et intérêts en réparation du préjudice moral subi par Monsieur MALKOVICH.

La société LA SOCIETE EDITRICE DU MONDE, en tant qu'éditrice du journal quotidien « Le Monde », sera déclarée civilement responsable des condamnations pécuniaires prononcées contre les prévenus.

Par ailleurs, il plaira au Tribunal d'ordonner la publication du jugement à intervenir dans des conditions permettant une très large exposition du communiqué judicaire selon des modalités indiquées au dispositif de la présente citation.

## PAR CES MOTIFS

Il est demandé au Tribunal de :

*Vu les articles 29 alinéa 1, 32 alinéa 1, 42, 43 et 44 de la loi du 29 juillet 1881*

- **DIRE ET JUGER** que les propos ci-dessous reproduits en caractère gras, contenus dans l'article de Messieurs Gerard Davet et Fabrice LHOMME intitulé *« HSBC. Les Rois de l'évasion »*, publié en page 2 du quotidien *Le Monde* n°21793 daté du 10 février 2015, sont constitutifs du délit de diffamation publique envers un particulier, en l'espèce Monsieur John Malkovich, faits prévus et réprimés par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881 sur la liberté de la presse :

  **« *Leur révélation est susceptible d'embarrasser de nombreuses personnalités, de l'humoriste français Gad Elmaleh au roi du Maroc Mohamed VI en passant par l'acteur américain John Malkovich,* »**

  En conséquence :

- **DIRE ET JUGER** que Monsieur Louis DREYFUS s'est rendu coupable, en tant qu'auteur principal, du délit de diffamation publique envers un particulier prévu et réprimé par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881 sur la liberté de la presse,

- **DIRE ET JUGER** que Messieurs Gérard DAVET et Fabrice LHOMME se sont rendus coupables, en tant que complices, du délit de diffamation publique envers un particulier prévu et réprimé par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881 sur la liberté de la presse

Et

- **DIRE ET JUGER** que les propos ci-dessous reproduits en caractère gras, contenus dans un encart intitulé « *LE GOTHA DES EVADES »,* publié en page 4 du quotidien *Le Monde* n°21793 daté du 10 février 2015, sont constitutifs du délit de diffamation publique envers un particulier, en l'espèce Monsieur John Malkovich, faits prévus et réprimés par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881 sur la liberté de la presse :

  « *LE GOTHA DES EVADES LES CELEBRITES L'acteur américain John Malkovich a déclaré n'avoir pas connaissance du compte à Genève qui porte son nom »*

  En conséquence :

- **DIRE ET JUGER** que Monsieur Louis DREYFUS s'est rendu coupable, en tant qu'auteur principal, du délit de diffamation publique envers un particulier prévu et réprimé par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881 sur la liberté de la presse,

**Sur l'action publique** :

- **STATUER** ce qu'il appartiendra sur les réquisitions du Ministère Public,

**Sur l'action civile** :

- **DÉCLARER** Monsieur John MALKOVICH recevable et bien fondé en sa constitution de partie civile,

Y faisant droit,

- **DECLARER** la société LA SOCIETE EDITRICE DU MONDE civilement responsable

- **CONDAMNER** solidairement Monsieur Louis DREYFUS, Monsieur Gérard DAVET et Monsieur Fabrice LHOMME ainsi que LA SOCIETE EDITRICE DU MONDE à payer à Monsieur John MALKOVICH la somme de 150.000 euros à titre de dommages et intérêts en réparation du préjudice subi ;

- **ORDONNER** la publication du communiqué judiciaire suivant, en page de couverture du quotidien *Le Monde*, dans les cinq jours suivants le jugemement à intervenir, et sous astreinte de 10.000 euros par jour de retard:

  *« Par jugement en date du (…), le Tribunal Correctionnel de Paris a condamné Messieurs Louis DREYFUS, Gérard DAVET et Fabrice LHOMME pour avoir diffamé publiquement Monsieur John MALKOVICH dans le dossier « HSBC & LES SWISSLEAKS » publié dans le numéro 21793 du journal quotidien "Le Monde" daté du mardi 10 février 2015».*

- **DIRE** que cette publication sera placée sous le titre « *LE MONDE* CONDAMNÉ POUR AVOIR DIFFAMÉ JOHN MALKOVICH », en majuscules, caractères rouges et gras de trois centimètres de hauteur, devra rester parfaitement apparente et en particulier n'être recouverte d'aucun cache ou dispositif de nature à en réduire la visibilité et qu'elle sera effectuée en page de couverture, sur les 2/3 de sa surface, en caractères noirs et gras de 2cm de hauteur.

- **ORDONNER** en outre la publication dudit communiqué dans 5 autres organes de presse au choix de Monsieur John MALKOVICH et aux frais de Messieurs DREYFUS, DAVET et LHOMME, dans une limite de  20.000 euros H.T l'insertion ;

- **ORDONNER** la prise en charge par Messieurs DREYFUS, DAVET ET LHOMME de l'ensemble des frais que Monsieur John MALKOVICH engagera pour la suppression sur Internet de toute reprise des allégations publiées dans « Le Monde » à son propos dans une limite de 50.000€;

- **CONDAMNER** solidairement Monsieur Louis DREYFUS, Monsieur Gérard DAVET et Monsieur Fabrice LHOMME ainsi que LA SOCIETE EDITRICE DU MONDE à payer à la partie civile la somme de **7.500 euros** en application de l'article 475-1 du Code de procédure pénale,

- **ORDONNER** l'exécution provisoire du jugement à intervenir sur les intérêts civils ;

**SOUS TOUTES RESERVES**

11

**Pièces versées à l'appui de la demande**

1.  Extrait K-Bis de la société LA SOCIETE EDITRICE DU MONDE

2.  Extraits du quotidien « *Le Monde* » en date du 10 février 2015

Translation

<div style="border:1px solid black; padding:10px">

**DIRECT SUMMONS**
**TO APPEAR BEFORE THE PARIS CRIMINAL COURT**
(Act of July 29, 1881)

</div>

YEAR TWO THOUSAND FIFTEEN

<u>**AT THE REQUEST OF:**</u>    **Mr. John Malkovich,** actor, born December 9, 1953 in Christopher, Illinois, United States, of American nationality, residing [redacted]- UNITED STATES

<u>Represented by:</u>

Mr. Hervé TEMIME
Member of the Paris Bar
156 rue de Rivoli 75001 Paris
Tel. 01 49 27 00 55 / Fax 01 42 60 62 44
Palais C1537

*Domiciled at his firm*

**I, UNDERSIGNED BAILIFF:**

<u>**GIVEN CITATION TO :**</u>

**Mr. Louis DREYFUS,** born December 19, 1970 in Boulogne-Billancourt (92), of French nationality, residing at 108 rue Jean-Pierre Timbaud 75011 Paris, Managing Editor of the website "*LeMonde.fr*" domiciled in that capacity at the headquarters of the publishing company SOCIETE EDITRICE DU "MONDE," located at 80 Boulevard Auguste Blanqui 75707 Paris CEDEX 13

**Mr. Gérard DAVET,** journalist, born on August 25, 1966 in Courbevoie (92), of French nationality, residing at 2 Cité du Couvent 75011 PARIS

**Mr. Fabrice LHOMME,** journalist, born on November 17, 1965 in Paris 6th (75), residing at 38 rue Cabanis 75014 Paris

*Defendants*

1

**The company SOCIETE EDITRICE DU "MONDE,"** a public company with capital of 94,610,348.70 euros, RCS Paris 433 891 850, as publisher of the website *LeMonde.fr*, having its headquarters at 80 Boulevard Auguste Blanqui 75707 Paris CEDEX 13 and appearing in the person of its legal representative, residing at said registered office

*As civilly liable*

To appear in person at the hearing of the 17th correctional Chamber (press) of the **Tribunal de Grande Instance in Paris,** with headquarters in said city, the Palace of Justice, located at 4 Boulevard du Palais 75001 PARIS (entry 10, Boulevard du Palais) - (City metro - line 4) - (Bus lines:  21, 38, 47, 85, 96).

**After hours**

In the presence of the Prosecutor of the Republic to whom a copy of this summons shall be served as provided by Article 53 of the Act of July 29, 1881.

**NOTE: GIVEN THE WAIT TIME FOR ENTERING THE COURTHOUSE, IT IS RECOMMENDED THAT YOU ARRIVE AT LEAST THIRTY MINUTES BEFORE THE START TIME OF THE HEARING.**

2

*VERY IMPORTANT*

*ADVISORY*

*You must appear in person, alone or with an attorney.*

*1/Attorney representation*
*If you wish to be represented by an attorney, you may, upon receiving the summons:*
- *contact the attorney of your choice;*
- *request that the Dean of the Bar Association designate a court-appointed attorney. This request must be submitted to the Bar Association for the court for which you have received your summons.*
- *For minor defendants, the President of the Bar always designates an attorney.*

*2/Inability to appear*
*If you are unable to be present at the hearing, you must send the President of the Chamber of the Court a letter explaining the reason for your absence, enclosing all supporting documents (medical certificates, etc.). Your letter will be added to your file.*
*If during the hearing, your reasons are deemed valid by the court, the case will be dismissed and a new, later hearing date will be set.*
*If your reasons are deemed invalid, you will be tried in your absence.*

*3/Representation by an attorney*
*You also have the option to request to be tried in your absence, represented by your attorney. In this case, you must send the President of the Chamber of the Tribunal a letter stating that you expressly agree to be tried in your absence and that you are appointing your attorney to represent you. You must give the name of your attorney. Your letter will be added to your file.*
*If the Court finds that your personal appearance is necessary, it will dismiss the case and you will receive a new date.*

*4/ Penalty for non-appearance*
*When you incur a prison term equal to or greater than two years, if you do not appear and if you have not expressly requested for your attorney to represent you (point 3 above) the Court has the power to issue a summons or an arrest warrant.*

*5/ Important recommendations*
*In all correspondence with the Court, you must reference the date and time of the hearing and "Criminal Court" with the room number shown above. Otherwise, your letter may be misdirected.*
*In the interest of your defense, you are advised to provide the Court, through your lawyer if necessary, income documentation such as pay slips, notice of taxation or non taxation, etc.*


*CIVIL LIABILITY:*
*If the Court declares you civilly liable for the defendant, you will be personally liable for payment of damages which may be granted to the victim plus court costs.*

3

## PURPOSE OF THE APPLICATION

In its edition number 21793 dated Tuesday, February 10, 2015 (published the afternoon of February 9), the daily *Le Monde* published an exclusive feature, entitled "*French tax evaders' secret accounts in Suisse Le Gotha*" its coverage stating:

> "*They are more than 100,000 - showbiz stars, captains of industry, heads of state, traffickers of all kinds - benefiting from HSBC's tax evasion scheme. Le Monde reveals how more than 180 billion euros passed through Geneva via the Swiss subsidiary of the British bank between 2006 and 2007.  3000 French are involved, from the comedian Gad Elmaleh, who allegedly rectified his situation, to the heiress Nina Ricci, whose trial began in Paris on February 16. Eleven pages of special coverage of this international investigation conducted jointly by 154 journalists in 47 countries. Read the feature, pages 2 to 13*"

The scandal, already known by the editorial team of the daily "Swissleaks," is based on data from HSBC stolen by IT expert Hervé Falciani, "*suggests a fraud scheme organized with the complicity of a bank, for the benefit of individuals.  These revelations are the result of a journalistic enterprise of exceptional scale which Le Monde led for the last five months:  154 journalists from 60 mass media outlets from 47 countries worked together to appraise and analyze this famous list, to sort customers whose approach was legal from the others. (...) Our journalists have sorted them through a sieve, only keeping about fifty persons whose responsibilities and notoriety should have held them to a commitment to exemplary conduct or people who have committed serious enough crimes to be the subject to a complaint to the tax administration and judicial proceedings*" (excerpt from the editorial by Gille Van Kote).

That is, if the investigation appears to be fully credible, and the decision to publish each name the personalities involved is carefully weighed.

Among the figures is the plaintiff, Mr. John Malkovich.

His name appears on the first page of the feature, in the first column.

On page 2 of the daily, the article by journalists Gerard Davet and Fabrice Lhomme, who opens the feature, is entitled "*HSBC The kings of evasion*" and is subtitled "*The list is more than 100,000 names long, including captains of industry, politicians, stars of showbiz and sports, arms and drug dealers, and financiers of terrorist organizations.  All benefited from a vast tax evasion scheme orchestrated by the Swiss subsidiary of the British banking institution.*"

Its second paragraph reads:

> "*In 2014, Le Monde, which had investigated the HSBC case from the beginning, came into possession of global banking data from the period of 2005-2007 which established the existence of massive fraud on an international scale. We shared this data with sixty international media organizations, coordinated by the ICIJ, a consortium of investigative journalists. Their revelations are likely to embarrass many celebrities, from the French comedian Gad Elmaleh to the King of Morocco, Mohamed VI, and the American actor John Malkovich, but they are especially likely to shake the international banking community*."

The name John Malkovich appears later on page 4 of the daily, in a feature article entitled "*Artists, sports figures, doctors, lawyers, heads of companies... The Swiss account appears to be a financial strategy shared by the most profitable professions...* " and more specifically, in an insert actually entitled "THE GOTHA OF THE EVADERS" is divided into three paragraphs, "CELEBRITIES " "ROYALTY,"" POLITICIANS."

In the first paragraph, "THE CELEBRITIES" the first line reads, "*The American actor John Malkovich declares having no knowledge of the account in Geneva that bears his name*."

The aforementioned articles contain defamatory comments, because they are contrary to the honor and reputation of Mr. Malkovich within the meaning of press law.

## 1- DEFAMATORY COMMENTS

John Malkovich is taking legal action for defamatory comments against him, as a private individual, as defined in Article 29 paragraph 1 and Article 32 paragraph 1 of the Act of July 29, 1881, in the passages shown below in bold:

On page 2 of the daily " *Le Monde*" dated February 10, 2015, under the title "*HSBC. The Kings of evasion*," following comments (bold added):

> **"*Their revelation is likely to embarrass many personalities, from the French comedian Gad Elmaleh to the King of Morocco, Mohamed VI, and the American actor John Malkovich*"** (1st defamatory passage).

On page 4 of the daily *Le Monde* dated February 10, 2015, in the box entitled "*THE GOTHA OF THE EVADERS*," the following comments (bold added):

> **"*LE GOTHA OF THE EVADER*
> *CELEBRITIES. The American actor John Malkovich declares having no knowledge of the account in Geneva that bears his name*."** (2nd defamatory comment).

Through the above comment shown in bold, found in their entirety in the feature *"HSBC & Swissleaks"* of which they are a part, the authors argue that the plaintiff has deliberately sought to avoid payment of tax by concealing some of his assets from the competent tax authorities in an undeclared account at HSBC Private Bank in Geneva.

In doing so, they impute to John Malkovich uncivil, even dishonest behavior likely not only to expose him to public scorn, but also to cause him to incur civil and criminal liability.

Such imputation, which is completely incorrect, undoubtedly affect the honor and reputation of John Malkovich.

Accordingly, the statements shown above in bold constituent the crime of public defamation against an individual, with respect to John Malkovich, offenses defined and punishable under Article 29 paragraph 1 and Article 32 paragraph 1 of the Act of July 29 1881.

**2 - ON THE BAD FAITH OF THE DEFENDANTS**

It is undisputed that in matters of defamation, bad faith is presumed.  Good faith can only be confirmed if the actions pursued meet, cumulatively, the following four criteria:  (i) legitimacy of the aim pursued, (ii) serious character of the investigation, (iii) prudent expression, and (iv) absence of personal animosity.

**(i)** In the present case, while it is undeniable that the subject of the "Swissleaks" scandal is of interest to the public, revealing the name of an actor who does not occupy any *"particular position in political or economic life,"* to paraphrase the editorial of the specified number, does not meet these criteria.

**(ii)** The required investigation before such a revelation to a mainstream daily newspaper seems to be completely inadequate.

In fact, although the article on page 4, in which we find the insert '*LE GOTHA OF THE INVADERS*," takes care to specify that *Le Monde* contacted all the personalities mentioned in the course of its investigation, or attempted to do so, to allow them to explain, Mr. Malkovich was never questioned by the newspaper.

While the insert specifies, and this is part of the comments prosecuted, that *"the American actor John Malkovich declares having no knowledge of the account in Geneva that bears his name*," the declaration has NOT made the newspaper.  The fact that defendants may have been distinctly aware that Mr. Malkovich could could have denied the existence of this account is sufficient to demonstrate bad faith.

Under these conditions, how can journalists be allowed, without carrying out further investigations, more specifically, without even questioning John Malkovich, to write and publish that he would be "*likely to be embarrassed*" by the revelation of the HSBC information, in the same way as others having acknowledged having undeclared accounts, and include his name among the "*gotha of the evaders*"?

The situation is even more serious than the citation of a name in the feature *"HSBC & SWISSLEAKS"* because the relevant issue is presented as more credible, reliable, and even indisputable, and the newspaper prides itself in its editorials; we saw that 154 journalists from 60 mass media outlets from 47 countries worked together to appraise and analyze the Falciani list, particularly in order to "sort" customers who lawfully maintained an account from others, and the personalities whose names could be revealed because of the exemplary fashion in which they should behave from others.  Thus, the personalities have been "screened" so that only ones of whom the newspaper believed their name should be published were kept.

Furthermore, on page 3, an article entitled "*Behind the scenes of a global investigation*" depicts the importance of means used to reveal the scandal "*Swissleaks*."

Faced with these peremptory assertions, the fact that John Malkovich would declare having no knowledge of a Geneva account that bears his name appears derisory, especially placed at the top of an insert entitled "*THE GOTHA OF TAX EVADERS.*"

In any event, since there is no tax evasion by John Malkovich, there is no doubt that the defendants definitely did not have the proper elements to prosecute or publish.

**(iii)**      The expression ("*is likely to embarrass*" and the mention of the denigration of John Malkovich), if feigned prudence, is quite contrary to the requirements of case law which in no case considers style (conditional, negative,...)  sufficient to remove the defamatory nature from the expression.

**(iv)**      Finally, with regard to personal animosity, John Malkovich asks the question of whether an intention to cause harm influenced the choice to publish his name in a feature whose purpose was to reveal a scandal.

**3 - On the criminal liability of Mr. DREYFUS in his capacity as director PUBLICATION OF THE WEBSITE "*LEMONDE*"**

Under Article 42 of the Act of July 29, 1881, "*shall be liable as principal authors, sentences that constitute the punishment of crimes and offenses committed through the press in the following order, namely: 1° managers and editors of publications regardless of their profession or their name (...)*."

Given that Mr. Louis Dreyfus is the editor of the daily "*Le Monde*," he is therefore, in this capacity, the lead author in the offense of public defamation committed against John Malkovich, as an individual, due to his publication of the two defamatory passages prosecuted today.

**4 - Regarding the criminal liability of Mr. Davet and Mr. Lhomme as authors of the 1st defamatory passage being prosecuted: *"Their revelation is likely to embarrass many personalities, from the French comedian Gad Elmaleh to the King of Morocco, Mohamed VI, and the American actor John Malkovich"***

Under Article 43 of the Act of July 29, 1881, "*When the directors or co-editors of the publication or the editors are prosecuted, the authors shall be prosecuted as accomplices.*"

Given that Gérard Davet and Fabrice Lhomme are the authors of the first defamatory passage prosecuted, they are therefore, in this capacity, accomplices of the lead author in the offense of public defamation committed against John Malkovich, as an individual, due to the publication of the 1st passage prosecuted.

**5 - THE REQUESTS OF MR. MALKOVICH**

Mr. MALKOVICH is admissible and well founded in initiating a civil action.

Given the seriousness of the published remarks, the significance of the daily newspaper "*Le Monde* and the size of its readership and the talk emanating from the content of the feature "*HBSC & SWISSLEAKS*," the damage suffered by John Malkovich is considerable.

The damage to the plaintiff's reputation is even more significant as it is associated with a scheme that is presumed to be particularly serious, and presented as such by the newspaper in the issue involved.

Furthermore, the damage is incurred during a period of acute crisis and widespread fiscal austerity, where tax evasion is considered more dishonorable than ever.

It is therefore urgent that Mr. Malkovich's honor be restored and that the decision be given the widest publicity.

In light of the foregoing, it is necessary to jointly sentence Mr. DREYFUS, Managing Editor of the daily newspaper *"Le Monde*," and Mr. DAVET and Mr. LHOMME, authors of the litigious remarks, to pay the sum of 150,000 euros in compensation for non-pecuniary damages suffered by Mr. MALKOVICH.

The company LA SOCIETE EDITRICE DU MONDE, as editor of the website "*LeMonde.fr*," shall be declared civilly liable for financial penalties ordered against the defendants.

Moreover, it shall please the Court to order the publication of the judgment to be under conditions of wide exposure of the judicial release under terms specified in this document.

**THEREFORE**

It is requested of the Court:

*Given Articles 29 paragraph 1, 32 paragraph 1, and 42, 43 and 44 of the Act of July 29, 1881*

- **SAY AND DECLARE** that the comments reproduced below in bold contained in the article by Mr. Gérard Davet and Mr. Fabrice Lhomme entitled *"HSBC. The Kings of evasion*." published on page 2 of the daily *Le Monde* No. 21793 dated February 10, 2015, constituent the crime of public defamation against an individual, in this case, John Malkovich, offenses defined and punishable under Article 29 paragraph 1 and Article 32 paragraph 1 of the Act of July 29 1881 on freedom of the press:

   ***"Their revelation is likely to embarrass many personalities, from the French comedian Gad Elmaleh to the King of Morocco, Mohamed VI, and the American actor John Malkovich,***"

   Therefore:

- **SAY AND DECLARE** that Mr. Louis DREYFUS is guilty, as principal author, of the crime of public defamation against an individual, provided for and punishable under Articles 29 paragraph 1 and 32 paragraph 1 of the Act of July 29, 1881 on freedom of the press,

- **SAY AND DECLARE** that Mr. Gérard DAVET and Mr. Fabrice LHOMME are guilty, as accomplices, of the crime of public defamation against an individual, provided for and punishable under Articles 29 paragraph 1 and 32 paragraph 1 of the Act of July 29, 1881 on freedom of the press,

And

- **SAY AND DECALRE** that the comments reproduced below in bold in an insert entitled "*THE GOTHA OF THE EVADERS'"* published on page 4 of the newspaper *Le Monde* No. 21793 dated February 10, 2015, constituent the crime of public defamation against an individual, in this case, John Malkovich, offenses defined and punishable under Article 29 paragraph 1 and Article 32 paragraph 1 of the Act of July 29 1881 on freedom of the press:

  "***THE GOTHA OF THE EVADING CELEBRITIES The American actor John Malkovich declares having no knowledge of the account in Geneva that bears his name"***

  Therefore:

- **SAY AND DECLARE** that Mr. Louis DREYFUS is guilty, as principal author, of the crime of public defamation against an individual, provided for and punishable under Articles 29 paragraph 1 and 32 paragraph 1 of the Act of July 29, 1881 on freedom of the press,

**On the public action:**

- **RULE** that it shall fall under the submissions of the Public Prosecutor,

**On the civil action:**

- **DECLARE** that Mr. John MALKOVICH is admissible and well founded in initiating a civil action,

By law,

- **DECLARE** the company LA SOCIETE EDITRICE DU MONDE civilly liable

- **ORDER** severally Mr. Louis DREYFUS, Mr. Gérard DAVET and Mr. Fabrice LHOMME and LA SOCIETE EDITRICE DU MONDE to pay Mr. John Malkovich the sum of 150,000 euros in compensation for damages suffered;

10

- **ORDER** the publication of the following legal statement, on the cover page of the daily *Le Monde*, within 5 days of the decision under penalty of 10,000 euros per day of delay:

  ***"By a judgment dated (...), the Criminal Court of Paris has found Mr. Louis DREYFUS, Mr. Gérard DAVET and Mr. Fabrice LHOMME guilty of publicly defaming Mr. John MALKOVICH in the feature "HSBC & SWISSLEAKS" published in number 21793 of the daily "Le Monde" dated Tuesday, February 10, 2015."***

- **SAY** that this publication shall be placed underneath the title "*LE MONDE* FOUND GUILTY OF DEFAMING JOHN MALKOVICH," in bold, red capital letters that are three centimeters high, and it shall remain completely visible, in particular, it shall not be obscured by any cover or device that would reduce visibility, and it shall be placed on the cover page, covering 2/3 of the area, in bold black letters that are 2cm high.

- **ORDER**, in addition, publication of said statement in 5 other newspapers chosen by Mr. John MALKOVICH and at the expense of Mr. DREYFUS, DAVET and LHOMME, up to 20,000 euros excluding tax for the insertion;

- **ORDER** Mr. DREYFUS, DAVET and LHOMME to cover any fees incurred by Mr. John Malkovich for removing from the Internet any repeat allegations published in "Le Monde" regarding him, up to 50,000C;

- **ORDER** severally Mr. Louis DREYFUS, Mr. Gérard DAVET and Mr. Fabrice LHOMME and LA SOCIETE EDITRICE DU MONDE to pay the civil party the sum of **7,500 euros** in accordance with Article 475-1 of the Code of Criminal Procedure,

- **ORDER** provisional execution of the judgment to be rendered on the civil interests;

**WITHOUT PREJUDICE**

11

**Documents submitted in support of the request**

1.  Excerpt K-Bis from the company LA SOCIETE EDITRICE DU MONDE

2.  Excepts from the newspaper "*Le Monde*" dated February 10, 2015

N



City of New York, State of New York, County of New York

I, Alitasha Younger, hereby affirm that the following is to the best of my knowledge and belief, a true and accurate Translation from French to English of the document "Direct Summons to Appear Before the Paris Criminal Court – Le Monde".

Alitasha Younger
TransPerfect Translations International, Inc.

Sworn to before me this
May 19, 2015

Signature, Notary Public

AMY LEONG
Notary Public - State of New York
No. 01LE6314554
Qualified In Richmond County
Commission Expires Nov 10, 2018

Stamp, Notary Public