# Exhibit 2

**CITATION DIRECTE**

**DEVANT LE TRIBUNAL CORRECTIONNEL DE PARIS**

(Loi du 29 juillet 1881)

L'AN DEUX MILLE QUINZE ET LE

**A LA REQUETE DE** :    **Monsieur John Malkovich**, comédien, né le 9 décembre 1953 à Christopher, Illinois, Etats-Unis, de nationalité américaine, demeurant ██████████████████████████ – ETATS UNIS

                Ayant pour avocat :

                Maître Hervé TEMIME
                Avocat au Barreau de Paris
                156 rue de Rivoli 75001 Paris
                Tél. 01 49 27 00 55 / Fax 01 42 60 62 44
                Palais C1537

                *Elisant domicile en son cabinet*

**J'AI, HUISSIER SOUSSIGNE** :

**DONNÉ CITATION À** :

        **Monsieur Louis DREYFUS**, né le 19 décembre 1970 à Boulogne-Billancourt (92), de nationalité française, demeurant 108 rue Jean-Pierre Timbaud 75011 Paris, Directeur de la publication du site Internet « *Le Monde.fr* », domicilié en cette qualité au siège de la société éditrice SOCIETE EDITRICE DU « MONDE », sise 80 boulevard Auguste Blanqui 75707 Paris CEDEX 13

        **Monsieur Gérard DAVET**, journaliste, né le 25 août 1966 à Courbevoie (92), de nationalité française, demeurant 2 Cité du Couvent 75011 PARIS

        **Monsieur Fabrice LHOMME**, journaliste, né le 17 novembre 1965 à Paris 6ème (75), demeurant 38 rue Cabanis 75014 Paris

        *En qualité de prévenus*

1

**La société SOCIETE EDITRICE DU « MONDE »,** société anonyme au capital de 94.610.348,70 euros, RCS Paris 433 891 850, en sa qualité d'éditrice du site Internet *Le Monde.fr*, ayant son siège social 80 boulevard Auguste Blanqui 75707 Paris CEDEX 13 et prise en la personne de son représentant légal, domicilié audit siège

*En sa qualité de civilement responsable*

A comparaître en personne à l'audience correctionnelle de la 17ème Chambre (presse) du **Tribunal de Grande Instance de Paris,** siégeant en ladite ville, au Palais de Justice, sis 4 Boulevard du Palais 75001 PARIS, (entrée 10, Boulevard du Palais) – (métro Cité - ligne 4) – (Bus lignes : 21, 38, 47, 85, 96).

**Le          à          heures**

En présence de Monsieur le Procureur de la République à qui copie de la présente citation est notifiée dans les conditions prévues par l'article 53 de la loi du 29 Juillet 1881.

**NOTA : COMPTE TENU DES DÉLAIS D'ATTENTE POUR PÉNÉTRER DANS LE PALAIS DE JUSTICE, NOUS VOUS RECOMMANDONS DE VOUS PRÉSENTER AU MOINS TRENTE MINUTES AVANT L'HEURE DE DÉBUT D'AUDIENCE.**

2

## *TRES IMPORTANT*

*PREVENU(E)*

*Vous devez vous présenter personnellement à cette audience, seul(e) ou assisté(e) d'un Avocat.*

*1/ Assistance d'un avocat*
*Si vous désirez être assisté(e) par un Avocat, vous pouvez, dès réception de la citation :*
- *soit contacter l'Avocat de votre choix ;*
- *soit demander au Bâtonnier de l'Ordre des Avocats la désignation d'un Avocat commis d'office. Cette demande doit être présentée au Bureau de l'Ordre des Avocats du Tribunal devant lequel vous avez reçu convocation.*
- *Pour les prévenus(es) mineur(es), un Avocat est systématiquement commis d'office par le Bâtonnier.*

*2/ Impossibilité de comparaître*
*Si vous estimez être dans l'impossibilité de vous présenter à l'audience, vous devez adresser au Président de la Chambre du Tribunal une lettre pour expliquer les motifs de votre absence, en joignant toutes les pièces justificatives (certificats médicaux…). Votre lettre sera versée au dossier.*
*Si lors de l'audience, vos motifs sont jugés valables par la juridiction, l'affaire sera renvoyée et une nouvelle convocation vous sera adressée pour une audience ultérieure.*
*Si vos motifs ne sont pas jugés valables, vous serez jugé(e) en votre absence.*

*3/ Représentation par un Avocat*
*Vous avez aussi la possibilité à demander à être jugé(e) en votre absence, en étant représenté(e) par votre Avocat. Dans ce cas, vous devez faire parvenir au Président de la Chambre du Tribunal une lettre indiquant expressément que vous acceptez d'être jugé(e) en votre absence et que vous chargez votre Avocat, dont le nom doit être mentionné, de vous représenter. Elle sera versée à votre dossier.*
*Si le Tribunal estime que votre comparution personnelle est néanmoins nécessaire, il renverra l'affaire et vous recevrez une nouvelle convocation.*

*4/ Sanction en cas de non comparution*
*Lorsque vous encourez une peine d'emprisonnement égale ou supérieure à deux ans, si vous ne comparaissez pas et si vous n'avez pas demandé expressément à votre Avocat de vous représenter (point 3 ci-dessus), le Tribunal a le pouvoir de délivrer à votre encontre un mandat d'amener ou un mandat d'arrêt.*

*5/ Recommandations importantes*
*Dans toutes correspondances avec le Tribunal, vous devez rappeler la date et l'heure de l'audience ainsi que le numéro de la chambre indiqué ci-dessus en précisant « Tribunal correctionnel ». A défaut votre courrier risque de s'égarer.*
*Dans l'intérêt de votre défense, il est conseillé de fournir au Tribunal, éventuellement par l'intermédiaire de votre Avocat, des justificatifs de vos ressources (tels que bulletins de salaire, avis d'imposition ou de non imposition…).*

*CIVILEMENT RESPONSABLE :*

*Si le Tribunal vous déclare civilement responsable de la personne poursuivie, vous serez personnellement tenu au paiement de dommages et intérêts qui pourront être accordés à la victime et des frais de la procédure.*

3

**OBJET DE LA DEMANDE**

Le 8 février 2015, était mis en ligne, sur le site www.lemonde.fr, de MM Fabrice Lhomme et Gérard Davet intitule *"Swissleaks: révélations sur un système international de fraude fiscale"*.

Cet article est disponible à l'adresse URL suivante:
http://www.lemonde.fr/economie/article/2015/02/08/swissleaks-revelations-sur-un-systeme-international-de-fraude-fiscale_4572319_3234.html?xtmc=malkovich&xtcr=4

Les deux premiers paragraphes de l'article sont ainsi rédigés:

> « *Les chiffres donnent le vertige. Le Monde publie le premier volet d'une enquête à la fois spectaculaire et inédite. Fruit d'investigations hors norme, menées entre Paris, Washington, Bruxelles ou Genève, elle dévoile les dessous d'un vaste système d'évasion fiscale accepté, et même encouragé, par l'établissement britannique HSBC, deuxième groupe bancaire mondial, par l'intermédiaire de sa filiale suisse HSBC Private Bank.*

> *Le Monde, qui enquête sur l'affaire HSBC depuis son origine, est entré début 2014 en possession de données bancaires mondiales, portant sur la période 2005-2007 et établissant une gigantesque fraude à l'échelle internationale. Nous avons partagé ces données avec une soixantaine de médias internationaux, coordonnés par l'ICIJ, consortium de journalistes d'investigation. Leur révélation est susceptible d'embarrasser de nombreuses personnalités, de l'humoriste français Gad Elmaleh au roi du Maroc Mohamed VI en passant par l'acteur américain John Malkovich, mais surtout d'ébranler les milieux bancaires internationaux* ».

Le scandale, baptisé d'ores et déjà par le titre de l'article « Swissleaks », se fonde sur les données de la banque HSBC subtilisées par l'informaticien Hervé Falciani. Les révélations sont présentées comme particulièrement explosives. Il est ainsi expliqué :

> *"A affaire exceptionnelle, traitement exceptionnel : destinataire exclusif de ces informations explosives,* Le Monde *a décidé, au printemps 2014, afin d'en assurer le traitement le plus exhaustif et le plus rigoureux possible, de les partager avec des médias internationaux grâce à l'ICIJ, basé aux Etats-Unis, qui avait déjà collaboré avec* Le Monde *notamment lors des opérations « Offshore Leaks » (en 2013) et « LuxLeaks » (en 2014). Au total ont été mobilisés, dans la plus grande discrétion, 154 journalistes de 47 pays travaillant pour 55 médias (Le* Guardian *en Grande-Bretagne, le* Süddeutsche Zeitung *en Allemagne, l'émission « 60 minutes », de CBS, aux Etats-Unis…)"*

C'est dire si l'enquête est présentée comme parfaitement crédible et rigoureuse.

Il est en outre précisé :

> « *Qui trouve-t-on sur ces listings – transmis par Bercy à plusieurs administrations étrangères –, et dont nous révélons les noms lorsqu'ils présentent un intérêt public ? Des trafiquants d'armes ou de stupéfiants, des financiers d'organisations terroristes, des hommes politiques, des vedettes du showbiz, des icônes du sport ou des capitaines d'industrie... Désireux, dans leur grande majorité, de cacher leur argent en Suisse. Et cela, bien sûr, très souvent, à l'instar des clients français, dans la plus parfaite illégalité.* »

Parmi ces personnalités, dont il est jugé opportun de révéler les noms par les journalistes, le plaignant, Monsieur John Malkovich.

Son nom apparaît dès le deuxième paragraphe de l'article.

L' article susvisé contient des propos diffamatoires car contraires à l'honneur et à la considération de Monsieur Malkovich au sens de la loi sur la presse.

## 1 - LES PROPOS DIFFAMATOIRES

John Malkovich poursuit comme diffamatoires à son encontre, en qualité de simple particulier, au sens des articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881, le passage ci-dessous reproduit en caractère gras :

> « *Leur révélation est susceptible d'embarrasser de nombreuses personnalités, de l'humoriste français Gad Elmaleh au roi du Maroc Mohamed VI en passant par l'acteur américain John Malkovich* »

Aux travers des propos ci-dessus reproduits en caractères gras, replacés dans l'entier contexte de l'article « « *Swissleaks* » *: révélations sur un système international de fraude fiscale* » dans lequel ils s'insèrent, les auteurs affirment que la partie civile a sciemment cherché à échapper au paiement de l'impôt en dissimulant certains de ses avoirs aux autorités fiscales compétentes sur un compte non déclaré, ouvert dans les livres de la banque genevoise HSBC Private Bank.

Ce faisant, ils imputent à John Malkovich un comportement incivique voire malhonnête susceptible non seulement de l'exposer au mépris du public, mais également d'engager sa responsabilité tant civile que pénale.

Une telle imputation, par ailleurs totalement erronée, porte incontestablement atteinte à l'honneur et à la considération de John Malkovich.

Partant, les propos ci-dessus reproduits en caractère gras sont constitutifs du délit de diffamation publique envers particulier, en l'espèce John Malkovich, faits prévus et réprimés par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881.

## 2 - SUR LA MAUVAISE FOI DES PREVENUS

Il est constant qu'en matière de diffamation, la mauvaise foi est présumée. La bonne foi ne peut être retenue que si les passages poursuivis remplissent, cumulativement, les quatre critères suivants : (i) légitimité du but poursuivi, (ii) caractère sérieux de l'enquête, (iii) prudence de l'expression, et (iv) absence d'animosité personnelle.

**(i)**      Au cas d'espèce, s'il n'est pas contestable que le sujet du scandale « Swissleaks » peut présenter un intérêt pour le public, la révélation du nom d'un acteur, qui n'occupe aucune responsabilité particulière dans la vie politique ou économique, échappe à ce critère.

**(ii)**      S'agissant tout d'abord de l'enquête devant nécessairement précéder une telle révélation dans un media grand public, elle apparaît tout à fait insuffisante.

En effet, Monsieur Malkovich n'a jamais été interrogé par les journalistes.

En revanche, les journalistes ne pouvaient pas ignorer que Monsieur MALKOVICH avait pu démentir détenir un compte à la banque HSBC private bank, puisque cela est mentionné dans un article sur le scandale « Swissleaks » publié le 9 février dans le quotidien papier *Le Monde*.

Comment s'autoriser dans ces conditions, sans avoir procédé à des investigations complémentaires, ne serait-ce qu'en interrogeant plus précisément John Malkovich, à écrire et publier que ce dernier serait « *susceptible d'être embarrassé* » par la révélation des données HSBC, au même titre que d'autres personnes ayant reconnu la détention de comptes non déclarés?

La situation est d'autant plus grave que la citation d'un nom dans l'article en cause est présentée comme d'autant plus crédible, fiable, voire incontestable, que l'enquête est présentée dans l'article comme ayant assuré un traitement exhaustif et rigoureux.

En tout état de cause, une quelconque évasion fiscale de John Malkovich étant inexistante, il ne fait aucun doute que les prévenus ne disposaient en aucun cas d'éléments propres à tenir les propos poursuivis ou à les publier.

**(iii)** Le mode d'expression (« *est susceptible d'embarrasser* »), s'il feint la prudence, est tout à fait contraire aux exigences de la jurisprudence qui ne considère en aucun cas que de simples tournures de style (conditionnel, négatif,…) suffisent à retirer aux propos leur caractère diffamatoire.

6

**(iv)** Enfin, si l'animosité personnelle semble exclue, John Malkovich s'interroge sur une éventuelle intention de lui nuire qui aurait présidé au choix de publier son nom dans un dossier consacré à la révélation d'un tel scandale.

### 3 – SUR LA RESPONSABILITE PENALE DE MONSIEUR DREYFUS EN SA QUALITE DE DIRECTEUR DE PUBLICATION DU SITE INTERNET « LE MONDE.FR »

Aux termes de l'article 93-3 alinéa 1er de la loi du 29 juillet 1982, « *Au cas où l'une des infractions prévues par le chapitre IV de la loi du 29 juillet 1881 sur la liberté de la presse est commise par un moyen de communication au public par voie électronique, le directeur de la publication ou, dans le cas prévu au deuxième alinéa de l'article 93-2 de la présente loi, le codirecteur de la publication sera poursuivi comme auteur principal, lorsque le message incriminé a fait l'objet d'une fixation préalable à sa communication au public.* ».

Etant entendu que Monsieur Louis Dreyfus est le directeur de publication du site Internet *Le Monde.fr*, il est dès lors, en cette qualité, l'auteur principal du délit de diffamation publique commis à l'encontre de John Malkovich, en sa qualité de simple particulier, et ce à raison de la publication du passage diffamatoire aujourd'hui poursuivi.

### 4 – SUR LA RESPONSABILITE PENALE DE MESSIEURS DAVET ET LHOMME EN QUALITE D'AUTEURS DU PASSAGE DIFFAMATOIRE POURSUIVI : « *Leur révélation est susceptible d'embarrasser de nombreuses personnalités, de l'humoriste français Gad Elmaleh au roi du Maroc Mohamed VI en passant par l'acteur américain John Malkovich* »

Aux termes de l'article 93-3 alinéa 3 de la loi du 29 juillet 1982, « *Lorsque le directeur ou le codirecteur de la publication sera mis en cause, l'auteur sera poursuivi comme complice.* ».

Etant entendu que Gérard Davet et Fabrice Lhomme sont les auteurs du passage diffamatoire poursuivi, ils sont dès lors, en cette qualité, complices de l'auteur principal du délit de diffamation publique commis à l'encontre de John Malkovich, en sa qualité de simple particulier.

### 5 - LES DEMANDES DE MONSIEUR MALKOVICH

Monsieur MALKOVICH est recevable et bien fondé à se constituer partie civile.

Compte tenu de la gravité des propos publiés, de l'importance majeure du site Internet *Le Monde.fr* et de la taille de son lectorat, de l'écho des révélations du scandale Swissleaks, le préjudice subi par John MALKOVICH est considérable.

L'atteinte à la réputation du demandeur est d'autant plus significative qu'elle est portée dans un cadre présumé particulièrement sérieux, et présenté comme tel par le journal dans le numéro en cause.

De surcroît, cette atteinte est portée dans une période de crise aiguë et de rigueur budgétaire généralisée, où l'évasion fiscale est plus que jamais considérée comme déshonorante.

Il est donc urgent de rétablir Monsieur MALKOVICH dans son honneur et de donner à la décision à intervenir la plus large publicité.

Au regard des éléments qui précèdent, il conviendra de condamner solidairement Monsieur DREYFUS, en sa qualité de directeur de la publication du site Internet et Messieurs DAVET et LHOMME, en leur qualité d'auteurs des propos litigieux, au paiement de la somme de 150.000 euros à titre de dommages et intérêts en réparation du préjudice moral subi par Monsieur MALKOVICH.

La société LA SOCIETE EDITRICE DU MONDE, en tant qu'éditrice du site Internet « *Le Monde.fr* », sera déclarée civilement responsable des condamnations pécuniaires prononcées contre les prévenus.

Par ailleurs, il plaira au Tribunal d'ordonner la publication du jugement à intervenir dans des conditions permettant une très large exposition du communiqué judicaire selon des modalités indiquées au dispositif de la présente citation.

8

# PAR CES MOTIFS

Il est demandé au Tribunal de :

*Vu les articles 29 alinéa 1, 32 alinéa 1 de la loi du 29 juillet 1881,*
*et 93-3 de la loi du 29 juillet 1982*

- **DIRE ET JUGER** que les propos ci-dessous reproduits en caractère gras, contenus dans l'article de Messieurs Gerard DAVET et Fabrice LHOMME intitulé *« Swissleaks: révélations sur un système international de fraude fiscale »*, mis en ligne, le 8 février 2015 sur le site Internet Le Monde.fr, à l'adresse URL http://www.lemonde.fr/economie/article/2015/02/08/swissleaks-revelations-sur-un-systeme-international-de-fraude-fiscale_4572319_3234.html?xtmc=malkovich&xtcr=4, sont constitutifs du délit de diffamation publique envers un particulier, en l'espèce Monsieur John Malkovich, faits prévus et réprimés par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881 sur la liberté de la presse :

  *« Leur révélation est susceptible d'embarrasser de nombreuses personnalités, de l'humoriste français Gad Elmaleh au roi du Maroc Mohamed VI en passant par l'acteur américain John Malkovich, »*

  En conséquence :

- **DIRE ET JUGER** que Monsieur Louis DREYFUS s'est rendu coupable, en tant qu'auteur principal, du délit de diffamation publique envers un particulier prévu et réprimé par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881 sur la liberté de la presse,

- **DIRE ET JUGER** que Messieurs Gérard DAVET et Fabrice LHOMME se sont rendus coupables, en tant que complices, du délit de diffamation publique envers un particulier prévu et réprimé par les articles 29 alinéa 1 et 32 alinéa 1 de la loi du 29 juillet 1881 sur la liberté de la presse

**Sur l'action publique** :

- **STATUER** ce qu'il appartiendra sur les réquisitions du Ministère Public,

**Sur l'action civile** :

- **DÉCLARER** Monsieur John MALKOVICH recevable et bien fondé en sa constitution de partie civile,

Y faisant droit,

9

- **DECLARER** la société LA SOCIETE EDITRICE DU MONDE civilement responsable

- **CONDAMNER** solidairement Monsieur Louis DREYFUS, Monsieur Gérard DAVET et Monsieur Fabrice LHOMME ainsi que LA SOCIETE EDITRICE DU MONDE à payer à Monsieur John MALKOVICH la somme de 150.000 euros à titre de dommages et intérêts en réparation du préjudice subi ;

- **ORDONNER** la suppression des propos ci-dessus reproduits en caractères gras mis en ligne sur le site www.lemonde.fr à l'adresse URL : http://www.lemonde.fr/economie/article/2015/02/08/swissleaks-revelations-sur-un-systeme-international-de-fraude-fiscale_4572319_3234.html?xtmc=malkovich&xtcr=4

- **ORDONNER** la publication du communiqué judiciaire suivant, en page d'accueil du site Internet www.lemonde.fr dans les 5 jours de la décision à intervenir et sous astreinte de 10.000 euros par jour de retard :

  *« Par jugement en date du (…), le Tribunal Correctionnel de Paris a condamné Messieurs Louis DREYFUS, Monsieur Gérard DAVET et Fabrice LHOMME pour avoir diffamé publiquement Monsieur John MALKOVICH dans un article intitulé "Swissleaks: révélations sur un système international de fraude fiscale" mis en ligne le 8 février 2015 sur le site www.lemonde.fr"*

  **- DIRE** que cette publication sera placée sous le titre « *LE MONDE* CONDAMNÉ POUR AVOIR DIFFAMÉ JOHN MALKOVICH », en majuscules, caractères rouges et gras de trois centimètres de hauteur, devra rester parfaitement apparente et en particulier n'être recouverte d'aucun cache ou dispositif de nature à en réduire la visibilité et qu'elle sera effectuée en haut de la page d'accueil du site www.lemonde.fr en caractères noirs et gras de 2cm de hauteur

- **DIRE** que cette publication devra rester visible pendant une durée minimale de 60 jours, sous astreinte de 10.000 euros par jour manquant.

- **ORDONNER** la prise en charge par Messieurs DREYFUS, DAVET et LHOMME de l'ensemble des frais que Monsieur John MALKOVICH engagera pour la suppression sur Internet de toute reprise des allégations publiées dans « Le Monde » à son propos dans une limite de 50.000€;

- **CONDAMNER** solidairement Monsieur Louis DREYFUS, Monsieur Gérard DAVET et Monsieur Fabrice LHOMME ainsi que LA SOCIETE EDITRICE DU MONDE à payer à la partie civile la somme de **7.500 euros** en application de l'article 475-1 du Code de procédure pénale,

- **ORDONNER** l'exécution provisoire du jugement à intervenir sur les intérêts civils ;

**SOUS TOUTES RESERVES**

**Pièces versées à l'appui de la demande**

1. Extrait K-Bis de la société LA SOCIETE EDITRICE DU MONDE

2. Constat d'huissier du 23 avril 2015

3. Extraits du quotidien « *Le Monde* » en date du 10 février 2015

# Translation

---

**DIRECT SUMMONS**
**TO APPEAR BEFORE THE PARIS CRIMINAL COURT**
(Act of July 29, 1881)

---

YEAR TWO THOUSAND FIFTEEN

**AT THE REQUEST OF:**     **Mr. John Malkovich,** actor, born December 9, 1953 in Christopher, Illinois, USA, a US citizen, resident [redacted] - UNITED STATES

Represented by:

Mr. Hervé TEMIME
Member of the Paris Bar
156 rue de Rivoli 75001 Paris
Tel. 01 49 27 00 55 / Fax 01 42 60 62 44
Palais C1537

*Domiciled at his firm*

**I, UNDERSIGNED BAILIFF:**


**GIVEN CITATION TO :**

**Mr. Louis DREYFUS,** born December 19, 1970 in Boulogne-Billancourt (92), of French nationality, residing at 108 rue Jean-Pierre Timbaud 75011 Paris, Managing Editor of the website "*LeMonde.fr*" domiciled in that capacity at the headquarters of the publishing company SOCIETE EDITRICE DU "MONDE," located at 80 Boulevard Auguste Blanqui 75707 Paris CEDEX 13

**Mr. Gérard DAVET,** journalist, born on August 25, 1966 in Courbevoie (92), of French nationality, residing at 2 Cité du Couvent 75011 PARIS

**Mr. Fabrice LHOMME,** journalist, born on November 17, 1965 in Paris 6th (75), residing at 38 rue Cabanis 75014 Paris

*Defendants*

1

**The company SOCIETE EDITRICE DU "MONDE**," a public company with capital of 94,610,348.70 euros, RCS Paris 433 891 850, as publisher of the website *LeMonde.fr*, having its headquarters at 80 Boulevard Auguste Blanqui 75707 Paris CEDEX 13 and in the person of its legal representative, residing at said registered office

*As civilly liable*

To appear in person at the hearing of the 17th correctional Chamber (press) of the **Tribunal de Grande Instance in Paris,** with headquarters in said city, the Palace of Justice, located at 4 Boulevard du Palais 75001 PARIS (entry 10, Boulevard du Palais) - (City metro - line 4) - (Bus lines: 21, 38, 47, 85, 96).

**After hours**

In the presence of the Prosecutor of the Republic to whom a copy of this summons shall be served as provided by Article 53 of the Act of July 29, 1881.

**NOTE: GIVEN THE WAIT TIME FOR ENTERING THE COURTHOUSE, IT IS RECOMMENDED THAT YOU ARRIVE AT LEAST THIRTY MINUTES BEFORE THE START TIME OF THE HEARING.**

2

### ***VERY IMPORTANT***

*ADVISORY*

*You must appear in person, alone or with an attorney.*

*1/Attorney representation*
*If you wish to be represented by an attorney, you may, upon receiving the summons:*
  – *contact the attorney of your choice;*
  – *or, ask the Dean of the Bar Association to designate a court-appointed attorney. This request must be submitted to the Bar Association for the court for which you have received your summons.*
  – *For minor defendants, the President of the Bar always designates a court-appointed attorney.*

*2/Inability to appear*
*If you are unable to be present at the hearing, you must send the President of the Chamber of the Court a letter explaining the reason for your absence, enclosing all supporting documents (medical certificates, etc.). Your letter will be added to your file.*
*If during the hearing, your reasons are deemed valid by the court, the case will be dismissed and a new, later hearing date will be set.*
*If your reasons are deemed invalid, you will be tried in your absence.*

*3/Representation by an attorney*
*You also have the option to request to be tried in your absence, represented by your attorney. In this case, you must send the President of the Chamber of the Tribunal a letter stating that you expressly agree to be tried in your absence and that you are appointing your attorney to represent you. You must give the name of your attorney. Your letter will be added to your file.*
*If the Court finds that your personal appearance is necessary, it will dismiss the case and you will receive a new date.*

*4/ Penalty for non-appearance*
*When you incur a prison term equal to or greater than two years, if you do not appear and if you have not expressly requested for your attorney to represent you (point 3 above) the Court has the power to issue a summons or an arrest warrant.*

*5/ Important recommendations*
*In all correspondence with the Court, you must reference the date and time of the hearing and "Criminal Court" with the room number shown above. Otherwise, your letter may be misdirected.*
*In the interest of your defense, you are advised to provide the Court, through your lawyer if necessary, income documentation such as pay slips, notice of taxation or non taxation, etc.*

*CIVIL LIABILITY:*
*If the Court declares you civilly liable for the defendant, you will be personally liable for payment of damages which may be granted to the victim plus court costs.*

3

## PURPOSE OF THE APPLICATION

On February 8, 2015, on the website www.lemonde.fr, Mr Gérard Davet and Fabrice Lhomme posted an article entitled "*Swissleaks: revelations of an international tax fraud scheme.*"

This article is available at the following URL:
http://www.lemonde.fr/economie/article/2015/02/08/swissleaks-revelations-sur-un-systeme-international-de-fraude-fiscale_4572319_3234.html?xtmc=malkovich&xtcr=4

The first two paragraphs of the article read as follows:

> "*The numbers are staggering. Le Monde published the first installment of an investigation that is both dramatic and daring. The results of the investigation were extraordinary, conducted between Paris, Washington, Brussels and Geneva, it reveals the inside of a vast system of tax evasion accepted, and even encouraged, by the British company HSBC, the second largest banking group in the world, with its Swiss subsidiary, HSBC Private Bank, acting as intermediary.*
>
> *In early 2014, Le Monde, which had investigated the HSBC case from the beginning, came into possession of global banking data from the period of 2005-2007 which established the existence of massive fraud on an international scale. We shared this data with sixty international media organizations, coordinated by the ICIJ, a consortium of investigative journalists. Their revelations are likely to embarrass many celebrities, from the French comedian Gad Elmaleh to the King of Morocco, Mohamed VI and the American actor John Malkovich, but they are especially likely to shake the international banking community.*"

The scandal, already known by the title of the article, "Swissleaks," is based on HSBC bank data stolen by computer scientist Hervé Falciani. The revelations are presented as being particularly explosive. Here is how it is explained:

> "*An exceptional case, exceptional treatment: the exclusive recipient of this explosive information,* Le Monde *made the decision in spring 2014, in order to ensure the most thorough and rigorous treatment possible, to share it with the international media through ICIJ, based in the United States, which had already collaborated with* Le Monde, *in particular during the "Offshore Leaks" operations (in 2013) and "LuxLeaks" (2014). In total, 154 journalists from 47 countries working for 55 media organizations were mobilized with the utmost discretion (The* Guardian *in Great Britain, the* Süddeutsche Zeitung *in Germany, the CBS broadcast "60 Minutes," in the United States, etc.)*"

That is, if the investigation was presented as perfectly credible and rigorous.

4

Also, the following was stated:

> "*Who is in these listings - transmitted by Bercy to several foreign governments - and of whom we reveal the names when they are of public interest?  Weapons or narcotics traffickers, financiers of terrorist organizations, politicians, star celebrities, sports icons or captains of industry... The vast majority wanted to hide their money in Switzerland. This is often, like French clients, completely illegal.*"

Among the figures whose names the judge deemed appropriate for the journalists to reveal is Mr. John Malkovich.

His name appears in the second paragraph of the article.

The aforementioned article contains defamatory comments because they are contrary to the honor and reputation of Mr. Malkovich within the meaning of press law.

## 1    DEFAMATORY COMMENTS

John Malkovich is taking legal action for defamatory comments against him, as a private individual, as defined in Article 29 paragraph 1 and Article 32 paragraph 1 of the Act of July 29, 1881, the passage shown below in bold:

> **"Their revelation is likely to embarrass many personalities, from the French comedian Gad Elmaleh to the King of Morocco Mohamed VI and the American actor John Malkovich"**

Through the above comment shown in bold, found in their entirety in the article *"Swissleaks": revelations on an international tax fraud scheme*," the authors state that the civil party knowingly sought to avoid paying taxes by hiding some of his assets from the tax authorities in an undeclared account at HSBC Private Bank in Geneva.

In doing so, they impute to John Malkovich uncivil, even dishonest behavior likely not only to expose him to public scorn, but also to cause him to incur civil and criminal liability.

Such imputation, which is completely incorrect, undoubtedly affect the honor and reputation of John Malkovich.

Accordingly, the statements shown above in bold constituent the crime of public defamation against an individual, with respect to John Malkovich, offenses defined and punishable under Article 29 paragraph 1 and Article 32 paragraph 1 of the Act of July 29 1881.

**2      ON THE BAD FAITH OF THE DEFENDANTS**

It is undisputed that in matters of defamation, bad faith is presumed.  Good faith can only be confirmed if the actions pursued meet, cumulatively, the following four criteria:  (i) legitimacy of the aim pursued, (ii) serious character of the investigation, (iii) prudent expression, and (iv) absence of personal animosity.

**(i)**      In the present case, while it is undeniable that the subject of the "Swissleaks" scandal is of interest to the public, revealing the name of an actor who does not occupy any particular position in political or economic life does not meet these criteria.

**(ii)**      The required investigation before such a revelation to a mainstream daily newspaper seems to be completely inadequate.

In fact, Mr. Malkovich has never been questioned by the journalists.

However, the journalists must have known that Mr. MALKOVICH could have proven that he did not have an account with HSBC Private Bank, as mentioned in an article on the "Swissleaks" scandal published on February 9 in the daily newspaper *Le Monde.*

Under these conditions, how can journalists be allowed, without carrying out further investigations, more specifically, without even questioning John Malkovich, to write and publish that he would be "*likely to be embarrassed*" by the revelation of the HSBC information, in the same way as others having acknowledged having undeclared accounts?

The situation is even more serious than that the citation of a name in the article in question is presented as more credible, reliable, and even indisputable, in that the investigation is presented in the article as having ensured comprehensive and rigorous treatment.

In any event, since there is no tax evasion by John Malkovich, there is no doubt that the defendants definitely did not have the proper elements to prosecute or publish.

**(iii)**      The expression ("*is likely to embarrass*"), while it may feign prudence, is quite contrary to the requirements of case law which in no case would consider mere style (conditional, negative, etc.)  sufficient to remove the defamatory nature from the expression.

6

**(iv)**  Finally, with regard to personal animosity, John Malkovich asks the question of whether an intention to cause harm influenced the choice to publish his name in a feature whose purpose was to reveal a scandal.

**3**      On the criminal liability of Mr. DREYFUS in his capacity as director PUBLICATION OF THE WEBSITE "LEMONDE. FR"

Under Article 93-3 paragraph 1 of the Act of July 29, 1982, "*In case one of the offenses under Chapter IV of the Act of July 29, 1881 on freedom of th press is committed by an electronic means of public communication, the Managing Editor, or as provided in the second paragraph of Article 93-2 of this Act, the co-editor will be prosecuted as principal author, when the incriminating message was previously attached to his public communication.*"

Given that Mr. Louis Dreyfus is the editor of the website *LeMonde.fr*, he is therefore, in this capacity, the lead author in the offense of public defamation committed against John Malkovich, as an individual, due to his publication of the defamatory act prosecuted today.

**4**      **- Regarding the criminal liability of Mr. Davet and Mr. Lhomme as authors of the defamatory act being prosecuted:** ***"Their revelation is likely to embarrass many personalities, from the French comedian Gad Elmaleh to the King of Morocco, Mohamed VI, and the American actor John Malkovich"***

Under Article 93-3, paragraph 3 of the Act of July 29, 1982, "*When the Editor or Managing Editor will be prosecuted, the author will be prosecuted as an accomplice.*"

Given that Gérard Davet and Fabrice Lhomme are the authors of the defamatory act being prosecuted, they are therefore, as such, accomplices of the main author of the offense of public defamation committed against John Malkovich, a private individual.

**5**      **- THE REQUESTS OF MR. MALKOVICH**

Mr. MALKOVICH is admissible and well founded in initiating a civil action.

Given the seriousness of the published remarks, the significance of the website *LeMonde.fr*, the size of its readership and the talk emanating from the revelations from the Swissleaks scandal, the damage suffered by John Malkovich is considerable.

7

The damage to the plaintiff's reputation is even more significant as it is associated with a scheme that is presumed to be particularly serious, and presented as such by the newspaper in the issue involved.

Furthermore, the damage is incurred during a period of acute crisis and widespread fiscal austerity, where tax evasion is considered more dishonorable than ever.

It is therefore urgent that Mr. Malkovich's honor be restored and that the decision be given the widest publicity.

In light of the foregoing, it is necessary to jointly order Mr. DREYFUS, Managing Editor of the website, and Mr. DAVET and Mr. LHOMME, authors of the litigious remarks, to pay the sum of 150,000 euros in damages for non-pecuniary damages suffered by Mr. MALKOVICH.

The company LA SOCIETE EDITRICE DU MONDE, as editor of the website *"LeMonde.fr,"* shall be declared civilly liable for financial penalties ordered against the defendants.

Moreover, it shall please the Court to order the publication of the judgment to be under conditions of wide exposure of the judicial release under terms specified in this document.

8

**THEREFORE**

It is requested of the Court:

*Given Articles 29 paragraph 1 and 32 paragraph 1 of the Act of July 29, 1881,
and 93-3 of the Act of July 29, 1982*

      –   **SAY AND DECLARE** that the comments reproduced below in bold contained in the article written by Mr. Gérard DAVET and Mr. Fabrice Lhomme entitled "*Swissleaks: revelations of an international tax fraud scheme*", posted online on February 8, 2015, on the LeMonde.fr website at the URL http://www.lemonde.fr/economie/article/2015/02/08/swissleaks- revelations-sur-un-systeme-international-de-fraude-fiscale_4572319_3234.html?xtmc=malkovich&xtcr=4, constitute public defamation against an individual, in this case Mr. John Malkovich, offenses defined and punishable under Articles 29 paragraph 1 and 32 paragraph 1 of the Act of July 29, 1881 on freedom of the press:

          *"Their revelation is likely to embarrass many personalities, from the French comedian Gad Elmaleh to the King of Morocco, Mohamed VI, and the American actor John Malkovich,*"

        Therefore:

      –   **SAY AND DECLARE** that Mr. Louis DREYFUS is guilty, as principal author, of the crime of public defamation against an individual, provided for and punishable under Articles 29 paragraph 1 and 32 paragraph 1 of the Act of July 29, 1881 on freedom of the press,

      –   **SAY AND DECLARE** that Mr. Gérard DAVET and Mr. Fabrice LHOMME are guilty, as accomplices, of the crime of public defamation against an individual, provided for and punishable under Articles 29 paragraph 1 and 32 paragraph 1 of the Act of July 29, 1881 on freedom of the press,

**On the public action:**

      –   **RULE** that it shall fall under the submissions of the Public Prosecutor,

**On the civil action:**

      –   **DECLARE** that Mr. John MALKOVICH is admissible and well founded in initiating a civil action,

By law,

– **DECLARE** the company LA SOCIETE EDITRICE DU MONDE civilly liable

– **ORDER** severally Mr. Louis DREYFUS, Mr. Gérard DAVET and Mr. Fabrice LHOMME and LA SOCIETE EDITRICE DU MONDE to pay Mr. John Malkovich the sum of 150,000 euros in compensation for damages suffered;

– **ORDER** the removal of the comments above reproduced in bold posted on the website www.lemonde.fr at the URL:
http://www.lemonde.fr/economie/article/2015/02/08/swissleaks-revelations-sur-un-systeme-intemational-de-fraude-fiscale_4572319_3234.html?xtmc=malkovich&xtcr=4

– **ORDER** the publication of the following legal statement, on the homepage of the website www.lemonde.fr within 5 days of the decision under penalty of 10,000 euros per day of delay:

*"By a judgment dated (...), the Criminal Court of Paris has found Mr. Louis DREYFUS, Mr. Gérard DAVET and Mr. Fabrice LHOMME guilty of publicly defaming Mr. John MALKOVICH in an article entitled "Swissleaks: revelations of an international tax evasion scheme" posted online on February 8, 2015, on the website www.lemonde.fr"*

- **SAY** that this publication shall be placed underneath the title "*LE MONDE FOUND GUILTY OF DEFAMING JOHN MALKOVICH*," in bold, red capital letters that are three centimeters high, and it shall remain completely visible, in particular, it shall not be obscured by any cover or device that would reduce visibility, and it shall be placed at the top of the home page of the website www.lemonde.fr in bold black letters that are 2cm high

- **SAY** that this publication shall remain visible for a minimum of 60 days, under penalty of 10,000 euros per missing day.

- **ORDER** Mr. DREYFUS, DAVET and LHOMME to cover any fees incurred by Mr. John Malkovich for removing from the Internet any repeat allegations published in "Le Monde" regarding him, up to 50,000C;

- **ORDER** severally Mr. Louis DREYFUS, Mr. Gérard DAVET and Mr. Fabrice LHOMME and LA SOCIETE EDITRICE DU MONDE to pay the civil party the sum of **7,500 euros** in accordance with Article 475-1 of the Code of Criminal Procedure,

- **ORDER** provisional execution of the judgment to be rendered on the civil interests;

**WITHOUT PREJUDICE**

**Documents submitted in support of the request**

1.  Excerpt K-Bis from the company LA SOCIETE EDITRICE DU MONDE

2.  Finding of the bailiff, April 23, 2015

3.  Excepts from the newspaper "*Le Monde*" dated February 10, 2015

11


TRANSPERFECT

City of New York, State of New York, County of New York

I, Alitasha Younger, hereby affirm that the following is to the best of my knowledge and belief, a true and accurate Translation from French to English of the document "Direct Summons to Appear before the Paris Criminal Court – www.lemonade.fr."

Alitasha Younger
TransPerfect Translations International, Inc.

Sworn to before me this
May 19, 2015

Signature, Notary Public

> AMY LEONG
> Notary Public - State of New York
> No. 01LE6314554
> Qualified in Richmond County
> Commission Expires Nov 10, 2018

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE