**HARRIS, O'BRIEN, ST. LAURENT & CHAUDHRY LLP**

July 29, 2015

**VIA ECF**

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *In re Application of John Malkovich*,
                Index No. 15 CV 3906 (RJS)

Dear Justice Sullivan:

      We write on behalf of Applicant John Malkovich following the recent termination of this action to respectfully request that the Court retain jurisdiction with respect to the testimonial and documentary Subpoena (the "Subpoena") issued by the Court pursuant to 28 U.S.C. § 1782 on CBS News, Inc. ("CBS") by Order dated May 27, 2015. The Court's retention of jurisdiction is necessary to address any potential issues that may arise in connection with CBS's compliance with the Subpoena.

      As the Court is aware, by means of the Subpoena, Mr. Malkovich seeks documents and information for use in an action pending in Paris that he commenced against the French newspaper *Le Monde* and several of its journalists and principals (the "Paris Action"). In the Paris Action, Mr. Malkovich asserts that *Le Monde* defamed him by publishing false information, which it knew to be false, linking him to "SwissLeaks," an international tax evasion scheme engineered by HSBC Bank. CBS journalists are relevant to the Paris Action because they worked with *Le Monde* on the SwissLeaks story and gathered and exchanged relevant information on Mr. Malkovich with *Le Monde*. In all his dealings with CBS, Mr. Malkovich denied ever having an account at HSBC or any knowledge of SwissLeaks. As such, the Subpoena requests narrowly-tailored discovery going to CBS's communications with *Le Monde* regarding Mr. Malkovich and other materials relevant to the claim that *Le Monde* knew that Mr. Malkovich denied having an HSBC account when it published defamatory articles about him.

      We have been in contact with CBS's counsel since effectuating service of the Subpoena on June 1, 2015. Initially, in lieu of submitting to a deposition, CBS proposed producing an affidavit of a journalist with personal knowledge. After some negotiation, however, the parties now intend to conduct a deposition of a CBS witness. As a result of scheduling issues, that deposition should take place no earlier than the second half of August 2015.

Honorable Richard J. Sullivan
July 29, 2015
Page 2 of 2

      In the event that any issues requiring Your Honor's intervention arise during and after this anticipated deposition, we respectfully request that the Court retain jurisdiction over the enforcement of the Subpoena.  This request is well-grounded in the law of this and other Circuits, pursuant to which the Court has inherent authority to assert such jurisdiction.  For example, where an applicant moved for contempt against respondents who failed to comply with a subpoena issued (like here) pursuant to 28 U.S.C. § 1782, the Court asserted jurisdiction even though respondents had by then appealed the subpoena's issuance.  Noting, that, while "an effective notice of appeal divests the district court of jurisdiction over the matter forming the basis for the appeal," the Court held that it nevertheless "has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded."  *In re Gushlak*, 2012 WL 2564466, at *10 (E.D.N.Y. Jan. 30, 2012).  The closure of this case should not prevent the Court from asserting jurisdiction over enforcement of the Subpoena.  *Follett v. Colvin*, 2014 WL 7336458, at *1 (E.D. Wis. Dec. 22, 2014) (asserting jurisdiction over prior issued judgment after closure of case, noting that "[w]ithout jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.") (citing *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)); *Gulf Ins. Co. v. Glasbrenner*, 343 B.R. 47, 56 (S.D.N.Y. 2006) ("[It is] well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.").

      Prior to making this request, at the direction of the Court Clerk Ms. Buzzard, we contacted the Clerk for Justice Lorna G. Schofield, currently assigned to Part I, to inquire whether Part I would be a more appropriate venue for further applications related to the Subpoena.  We were told by Mr. Lewis, Clerk to Justice Schofield, that any such applications should be directed to Your Honor, the Judge initially assigned to this matter.

      We are available at the Court's convenience.

      Respectfully,

      /s/ L. Reid Skibell

      L. Reid Skibell

cc: Jay Brown, Esq., counsel for CBS (*via e-mail*)